IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID JOHN FRANKLIN, | § | |
| TDCJ-CID NO.654550, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1979 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
|     Respondent. | § | |

### ORDER

The above-styled action was filed as a petition for a writ of habeas corpus. In the pending pleading, petitioner David John Franklin seeks declaratory and injunctive relief entitling him to a meaningful parole hearing attended by a decision-maker and a written decision consisting of a summary of the evidence relied upon and the reasons supporting the decision of the Texas Board of Pardons and Paroles ("Parole Board"). (Docket Entry No.2). Franklin does not seek monetary damages and he does not seek release from incarceration. (*Id.*). Instead, Franklin complains that the procedures utilized by the Texas Board of Pardons and Paroles to deny him release on mandatory supervision and/or parole do not comport with Texas parole statutes and the Texas Administrative Code. Franklin alleges the Parole Board's actions are illegal and therefore, have violated his right to due process, the separation of powers doctrine, constitute a breach of duty to the parole candidate. (*Id.*).

The Supreme Court recently repeated its long-held conclusion that prisoners must challenge parole proceedings in habeas if "they seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1247 (2005). The Supreme Court further held that a prisoner

can maintain a § 1983 claim seeking to invalidate state parole procedures, and that *Heck v. Humphrey,* 512 U.S. 477 (1994), is not an impediment to such a claim. *Id.* at 1246-49.

In this case, Franklin does not seek an injunction compelling speedier release nor an order implying the unlawfulness of the State's custody. Like the plaintiffs in *Wilkinson*, Franklin seeks a new parole eligibility review and a new parole hearing. (Docket Entry No.2). For these reasons, his claims do not sound in habeas but are properly brought pursuant to 42 U.S.C. § 1983. Accordingly, the Clerk is ORDERED to correct the docket sheet to reflect the re-designation of this case as a complaint for violation of civil rights, designating petitioner David John Franklin as the Plaintiff and Nathaniel Quarterman as the Defendant.

Although Franklin has not filed an application to proceed *in forma pauperis*, he has attached to his complaint a letter requesting a waiver of the filing fee because he is indigent. (Docket Entry No.1, page 10). A prisoner, however, cannot file a civil action *in forma pauperis* in federal court if, on three or more prior occasions, while incarcerated, he brought an action that was dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The only exception to revocation of an inmate's privilege to proceed *in forma pauperis* is if he is in immediate danger of serious physical harm. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Franklin states no facts to indicate that he is in immediate danger of serious physical harm.

Franklin's litigation history reveals that he falls within the provisions of section 1915(g). Franklin has filed at least three other lawsuits in federal courts while incarcerated in prison or a detention facility. All three have been dismissed as either frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1] Accordingly, Franklin's request to proceed as a pauper (Docket Entry No.1) is DENIED, and this complaint is DISMISSED under 28 U.S.C. § 1915(g).

---

[1] *See Franklin v. Bowles* No.96-10947 (5th Cir. 1997); *In re: David J. Franklin*, No.00-10589 (5th Cir. 2000); *Franklin v. Johnson*, No.00-11032 (5th Cir. 2001).

All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to all parties, to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.

SIGNED at Houston, Texas, on July 27, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE